IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH RUSSELL JUDD,

    Plaintiff,                     No. CIV S-00-0737 FCD JFM PS

    vs.

FEDERAL ELECTION COMMISSION, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a federal prisoner proceeding pro se. On November 13, 2000, the instant action was dismissed. Judgment was entered on the same day. On March 11, 2005, plaintiff filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the November 13, 2000 order and judgment thereon. Plaintiff seeks relief from the judgment entered herein "in the interest of justice." (Motion at 1.) Plaintiff is again attempting to challenge a criminal judgment entered in <u>United States v. Judd</u>, a criminal action filed and adjudicated in the Western District of Texas, Case No. 98-CR-93.

        This is plaintiff's second motion for relief from judgment filed in the instant action. On July 30, 2001, plaintiff filed a motion for relief from judgment, which was denied by the district court on February 12, 2002.

/////

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1), (6). "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997).

Plaintiff has failed to raise any grounds which would justify relief from the judgment entered in this action. Moreover, court records indicate that plaintiff first filed a motion pursuant to 28 U.S.C. § 2255 in this district on September 10, 2001, in CIV S-01-1727 EJG PAN P.[1] However, because plaintiff was not serving a sentence imposed by the United States District Court for the Eastern District of California, this court lacked jurisdiction over plaintiff's attempted attack on a "Family Violence Protective Order" issued by the 244th Judicial District Court of Ector County, Texas. (Id., October 2, 2001 Order at 1.) Thus, CIV S-01-1727 EJG PAN was dismissed by the district court on October 2, 2001.

The instant action was dismissed after plaintiff failed to amend his complaint.

Plaintiff is advised that this court lacks jurisdiction over actions taken by the Western District of Texas. Plaintiff must raise any challenges to actions taken in 98-CR-93 in the Western District of Texas.[2]

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] It appears plaintiff has already done so. Western District of Texas court records reflect that a jury verdict was entered against plaintiff on June 24, 1999, and judgment was entered on September 29, 1999. Plaintiff filed a motion pursuant to 28 U.S.C. § 2255 on March 31, 2000 (docket no. 462), which was denied by order filed April 10, 2000 (docket no. 463.) Plaintiff filed an amended § 2255 motion on March 10, 2003 (docket no. 606), which was denied by order filed March 12, 2003 (docket no. 607). Plaintiff is advised that he cannot circumvent orders issued in the Western District of Texas by filing motions in the Eastern District of California.

1       In accordance with the above, plaintiff has not shown any grounds which justify relief from the judgment entered in this action.  Thus, IT IS HEREBY RECOMMENDED that plaintiff's March 11, 2005 motion for relief from judgment be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 6, 2005.

UNITED STATES MAGISTRATE JUDGE

001; judd0737.60b